UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
(INTERNAL REVENUE SERVICE),
        Appellant

        v.                                C.A. No. 08-482ML

DAVID PAOLO,
        Appellee

### DECISION

Mary M. Lisi, Chief United States District Judge.

The IRS has appealed an order of the United States Bankruptcy
Court for the District of Rhode Island denying the IRS's motion to
dismiss or, in the alternative, abstain from hearing and deciding
a debtor's adversarial action to determine a tax liability imposed
on him prior to commencement of his Chapter 7 bankruptcy
proceedings.  For the reasons stated below, the appeal is GRANTED
with respect to the abstention issue and the case is returned to
the bankruptcy court for disposition in accordance with this order.

### I.  Facts and Travel of the Case

The facts in this case are generally not in dispute.  The
debtor in this appeal, David Paolo ("Paolo"), was the CEO of the
now defunct Log On America ("LOA").  In early 2008, the IRS sent
Paolo a Proposed Assessment of Trust Fund Recovery Penalty in the
amount of $217,281.95 in connection with allegedly unpaid LOA
payroll taxes.  On May 13, 2008, Paolo filed a Form 895 (Notice of
Statute of Limitations Expiration) with the IRS "to provide a
method to appeal and further have the ability to challenge the

decision in the United States Federal Court."   Compl. ¶ 17.

On July 1, 2008, Paolo commenced Chapter 7 voluntary bankruptcy proceedings.   Paolo claimed no interest in real estate and listed $11,870 in personalty, most of which was claimed as exempt.   Paolo also listed a "Trust Fund Recovery Penalty of $210,000 (disputed)" under his unsecured nonpriority claims. Bankruptcy Petition Schedule F, 1 of 3.   On July 20, 2008, Paolo filed a complaint against the IRS in which he sought to have his tax liability with respect to the Trust Fund Penalty determined. In his complaint, Paolo asserted "exclusive" jurisdiction of the bankruptcy court pursuant to 28 U.S.C. §§ 505, and 105 "to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of Title 11."   Compl. ¶ 4.   Paolo also claimed that his adversary action against the IRS was a "core proceeding."   Id. at ¶ 5.

On August 19, 2008, the Chapter 7 Trustee filed a report of no distribution after concluding that "there are no assets to administer for the benefit of the estate."   On October 6, 2008, Paolo was granted a discharge under 11 U.S.C. § 727.

On October 10, 2008, the IRS filed a motion to dismiss Paolo's complaint for lack of subject matter jurisdiction.   In the alternative, the IRS argued that the bankruptcy court should abstain under 28 U.S.C. § 1334 from making a determination with regard to Paolo's Trust Fund Recovery Penalty Liability.   On October 18, 2008, Paolo filed a timely objection to the IRS's motion.   The bankruptcy court conducted a hearing on the matter on

November 13, 2008. On November 26, 2008, the bankruptcy court issued an order denying the IRS's motion to dismiss or abstain from determining Paolo's complaint, after agreeing with, and adopting "the arguments and the authorities relied upon by the Debtor." Order, Paolo v. IRS, Bk. No-08-12004 (Nov. 26, 2008).

On December 23, 2008, the IRS filed a motion for leave to file an interlocutory appeal of the bankruptcy court's order, pursuant to Fed. R. Bankr. P. 8003(a) and 28 U.S.C. § 158(a)(3), which grants this Court jurisdiction to hear appeals "with leave of the court, from other interlocutory orders and decrees" of the bankruptcy court. See, e.g. In re Williams, 215 B.R. 289, 298 (D.R.I. 1997); 28 U.S.C. § 158(a)(3). On January 20, 2009, this Court granted the IRS's motion after adopting the IRS's reasoning in its supporting memorandum of law. Paolo v. IRS, C.A. No. 08-482ML, Docket #5 (D.R.I. Jan. 20, 2009).

## II.  Standard of Review

In reviewing an interlocutory appeal from bankruptcy court decisions, this Court employs the "'standards of review normally employed in direct appeals to the courts of appeals in civil cases generally.'" In re Singleton, 284 B.R. 322, 323 (D.R.I. 2002)(citation omitted)(on interlocutory appeal, applying "clearly erroneous" standard to factual findings and de novo standard to rulings of law). Therefore, "[t]he district court accepts all bankruptcy court findings of fact unless 'clearly erroneous,' . . . but reviews rulings of law de novo." In re LaRoche, 969 F.2d 1299, 1301 (1st Cir. 1992); see also 28 U.S.C. § 158(c)(2). The

-3-

court also gives considerable deference to the bankruptcy court's discretionary judgments, which are overturned only for so-called "abuse of discretion." In re Colarusso, 382 F.3d 51, 57 (1st Cir. 2004)("We review the bankruptcy court's permissive abstention decision for abuse of discretion"). The parties in this case agree that there are no disputes of material fact in this appeal and that the issues consist of purely legal questions.

### III. Discussion

(A) The Parties' Positions

In their motion to dismiss or abstain, the IRS suggested that the bankruptcy court was without jurisdiction to hear Paolo's complaint or to determine his tax liability because there was no bankruptcy purpose for such a proceeding. Although the IRS conceded that Section 505 of the Bankruptcy Code specifically authorizes the bankruptcy court to determine taxes, it suggested that Section 505 "must be construed to reach only those circumstances in which there is a bankruptcy purpose." IRS's Mot. Dismiss or Abstain 4. Because a determination of Paolo's tax liability would have no impact on the administration of his bankruptcy proceedings, the IRS argues, Section 505 could not, by itself, convey jurisdiction on the bankruptcy court beyond that conveyed by the Bankruptcy Clause of the Constitution and 28 U.S.C. §§ 1334 and 157. Id.

The IRS contended that Paolo was not without recourse. The IRS suggested that Paolo could pay a small portion of the assessed payroll tax and, if the IRS disallowed his claim for a refund, he

could bring his claim in federal district court or the Court of Federal Claims.   The IRS further asserted that, while Paolo was entitled to a determination of his liability for the tax debt, he was not entitled to a determination of that issue in bankruptcy court.

In the alternative, the IRS requested that the bankruptcy court abstain from determining Paolo's claim pursuant to 28 U.S.C. § 1334(c)(1), which states that "[n]othing in this section prevents a district court in the interest of justice . . . from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."   28 U.S.C. § 1334(c)(1).   The IRS cited to a significant body of case law supporting its contention that abstention is appropriate in a no-asset Chapter 7 case, where a determination of the debtor's tax liability resulted in no distribution and, therefore, served no bankruptcy purpose.   Id. at 11.

In response, Paolo conceded that the tax debt assessed against him was non-dischargeable, Obj. Mot. Dismiss ¶ 7, and that the bankruptcy court could elect to abstain from hearing a particular proceeding. Paolo's Mem. at 3.   He suggested, however, that the bankruptcy court had jurisdiction over "core proceedings," including "determinations as to the dischargeability of particular debts," regardless of whether the bankruptcy estate at issue contained any assets.   Paolo's Mem. at 2.   Paolo also asserted that the IRS's motion would not allow him a "clean start" and that he could not afford to challenge his tax liability in another court.

-5-

Obj. Mot. Dismiss at ¶¶ 3, 4.

    (B) Determination of Tax Liability

    Bankruptcy judges are authorized to "hear and determine all cases unter title 11 and all core proceedings arising under title 11." 28 U.S.C. § 157 (b)(1). Core proceedings include, but are not limited to, "matters concerning the administration of the estate," and various proceedings enumerated under 28 U.S.C. § 157(b)(2). Generally, a bankruptcy court has the authority to determine a debtor's tax liability and such a proceeding is considered a core proceeding. In re Starnes, 159 B.R. 748, 749-50 (Bankr.W.D. N.D. 1993)(collecting cases)("Ample case law supports the plenary authority of the bankruptcy court to hear and determine the amount or legality of any tax claim whether or not the tax, fine, or penalty has been paid, previously assessed or contested"). However, when a determination of the debtor's tax liability has no affect on the administration of the bankruptcy estate, the debtor's claim is not considered a core proceeding. In re Millsaps, 133 B.R. 547, 556 (Bankr. M.D. Fla. 1991)(determination of tax liability that "would have no conceivable affect on the administration of the bankruptcy estate" is not a "core proceeding" and may not even be "related to" the bankruptcy case).

    Section 505 of the bankruptcy code, which addresses the determination of a debtor's tax liability, provides as follows:

    "Except as provided in paragraph (2) of this subsection[1],

---

[1] Paragraph 2 states, in pertinent part:
"The court may not so determine - - (A) the amount or legality of

the court <u>may</u> determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. § 505 (a)(1) (emphasis added).

Section 505 is intended (1) to allow prompt resolution of a debtor's tax liability in the same forum addressing the debtor's overall financial condition; and (2) to protect creditors from "the dissipation of the estate's assets which could result if the creditors were bound by a tax judgment which the debtor, due to his financial condition, did not contest." <u>Shapiro v. United States,</u> 188 B.R. 140, 143-44 (Bankr. E.D. Penn. Oct. 24, 1995).

The plain language of Section 505 indicates that a bankruptcy court's authority to determine a debtor's tax liability is discretionary. In deciding whether to exercise their discretion, bankruptcy courts have considered legislative history and the equities of a particular situation. <u>In re Ferguson</u>, 1993 WL 659172 at *2 (Bankr. W.D. Va. Dec. 30, 1993).

With respect to the first, the legislative history of Section 505 indicates that it was enacted "to afford a forum for the ready determination of the legality or amount of tax claims, which determination, if left to other proceedings, might delay conclusion of the administration of the bankruptcy estate." <u>In re Diez</u>, 45

---

a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction <u>before the commencement of the case under this title</u>." 11 U.S.C. § 505(a)(2) (emphasis added).

B.R. 137, 139 (Bankr. S.D. Fl. 1984); <u>In re Ferguson</u>, 1993 WL 659172 at *2 ("'Congress was concerned with protecting creditors from the dissipation of an estate's assets which could result if creditors were bound by a tax judgment which the debtor, due to its ailing financial condition, failed to contest.'"); <u>In re Millsaps</u>, 133 B.R. at 554 ("Congress intended to continue the bankruptcy court's jurisdiction to determine certain tax issues <u>for the benefit of the estate</u>.")(emphasis added).   The bankruptcy statute was specifically refined to provide a forum for "the rapid determination of claims so that disputed tax claims would not delay the conclusion of the administration of a bankruptcy estate."   <u>Id.</u>

With respect to the equities, in deciding whether to adjudicate a debtor's tax liability under Section 505, the bankruptcy court "must weigh the relevant considerations in exercising its discretion whether or not to retain jurisdiction." <u>In re Starnes</u>, 159 B.R. at 750.   To that end, bankruptcy courts may consider a number of factors which include: (1) the complexity of the tax issues to be decided; (2) the need to administer the bankruptcy case in an orderly and efficient manner; (3) the burden on the bankruptcy court's docket; (4) the length of time required for trial and decision; (5) the asset and liability structure of the debtor; and (6) the prejudice to the taxing authority.   <u>Id.</u>; <u>In re Shapiro</u>, 188 B.R. at 149 n. 5 (citing <u>In re Hunt</u>, 95 B.R. 442, 445 (Bankr. N.D. Tex. 1989)).

(C) Abstention

Abstention by a bankruptcy court is appropriate where "no

-8-

bankruptcy purpose is served which would outweigh the importance of uniformity of assessment." In re Diez, 45 B.R. at 139; In re Kaufman, 115 B.R. 378, 379 (Bankr.S.D. Fla. 1990)(no bankruptcy purpose served where no distribution will be made to Unites States from debtor's estate . . . debtor can use other forum without involving bankruptcy court); In re American Motor Club, Inc., 139 B.R. 578, 581 (Bankr. E.D.N.Y. 1992)( abstention appropriate where impact on general administration of bankruptcy estate is "minimal or non-existent"); In re Millsaps, 133 B.R. at 554 (legislative history shows that "when there is no need for a determination of the amount of the tax for administration purposes, Congress did not intend or foresee that the bankruptcy court would be the forum for this litigation").   As a consequence, bankruptcy courts have generally dismissed a debtor's complaint to determine tax liability where the debtors contested a nondischargeable tax debt in a no-asset Chapter 7 bankruptcy case.   In re Starnes, 159 B.R. at 750 (collecting cases); In re Thornton, 1995 WL 442192 at *7 (Bankr. M.D. Ga. June 23, 1995)(collecting cases) ("[C]ourts have found discretionary abstention appropriate and dismissed debtor's complaint to determine tax liability where debtor contested non-dischargeable tax debts in a no-asset Chapter 7 case"); In re Shapiro, 188 B.R. at 144 ("The majority approach is to conclude that neither of the [two purposes of Section 505] - prompt administration of the bankruptcy case and protection of creditor interests - would be served by a determination of a chapter 7 debtor's tax liability in no-asset chapter 7 cases").

-9-

As the bankruptcy court in <u>Starnes</u> pointed out, "unless the court abstains in these circumstances, every taxpayer could ignore IRS requirements for disputing tax liability, and then after the fact attempt to obtain a judicial determination in bankruptcy court . . . [t]his is not the intended result unless the interest of the creditors would be furthered."  <u>In re Starnes</u> at 751.

(D) This Case

It has been established that there are no assets in this Chapter 7 bankruptcy.  Based on the Trustee's report of no assets, the IRS did not file a claim; and the debtor has already received a discharge with respect to all dischargeable liabilities.   The sole issue that Paolo seeks to have determined in bankruptcy court is his adversary claim against the IRS, which is of no interest to any other creditors of the bankruptcy estate.   Although Paolo suggests that he challenges the "responsibility of a debt (i.e. denial as the responsible officer)," he concedes that he "does not dispute that the kind of tax involved is excepted from discharge," Appellee's Br. 2.  Because Paolo has already received a discharge in bankruptcy, any determination of his tax liability will not impact the administration of the bankruptcy estate.  Regardless of the outcome of Paolo's adversary action against the IRS, no distribution will be made.  In addition, the IRS has already outlined how Paolo can seek a determination of his debt in another forum (and Paolo has conceded that he can afford to pay a small portion of the assessed tax liability in order to begin the process).

-10-

Taking into consideration the factors set forth in <u>Starnes</u>, <u>Shapiro</u>, and <u>In re Hunt</u>, abstention by the bankruptcy court would be appropriate in this case.  Further, the IRS has asserted that it intends to pursue another individual with potential liability for the alleged tax debt.  However, since that individual cannot be joined in the bankruptcy proceedings, the IRS would have to proceed in two separate courts.  The bankruptcy itself has been discharged at this time and any decision by the bankruptcy court regarding Paolo's tax liability is not going to impact the administration of the now closed bankruptcy case.

Moreover, where the non-dischargeability of the tax debt assessed against the debtor is undisputed and a continuation of the proceedings will not protect the creditors from dissipation of the bankruptcy estate, the policy reasons underlying Section 505 are not applicable.  Under the specific circumstances of this no-asset case, the determination of the debtor's tax liability does not serve a bankruptcy purpose.  Therefore, this Court is of the opinion that the bankruptcy court was required to exercise its discretion to abstain from hearing the matter.

## IV.  Conclusion

For the reasons set forth above, the appeal by the government is GRANTED with respect to the abstention issue and the case is returned to the bankruptcy court for disposition in accordance with this order.

SO ORDERED.


_____

Mary M. Lisi

Chief United States District Judge


July  23, 2009